UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
IN RE:

**RUSSELL F FERRISI**

Debtor.
--------------------------------------------------------X

Case No.  **14-40684**

**Chapter 13**

**FIRST AMENDED**
**CHAPTER 13 PLAN**

1.  The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) shall pay to the trustee for a total of 60 months, payments as follows:

- **$410.00 each month commencing 02/19/2014 through and including 02/19/2014 for a period of 1 month;**
- **$2,810.00 commencing 03/19/2014 through and including 06/19/2014 for a period of 4 months;**
- **$3,500.00 commencing 07/19/2014 through and including 01/19/2019 for a period of 55 months;**

2.  From the payments so received, the trustee shall make disbursements as follows:

(a)  Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.

| Priority Claim | Arrears |
| --- | --- |
| NONE | |

(b)  Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

| Secured Creditor & Property Description | Arrears |
| --- | --- |
| | **$164,714.56 (Per claim 3-1)** |
| **Wells Fargo Home Mortgage** | |
| **For property located @ 159 Somer Avenue, Staten Island, New York 10314** | *Treatment of claim 3-1 to be addressed upon completion of Loss Mitigation* |

(b)  Subsequent and/or concurrently with the distribution to secured, priority, and administrative creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows:  PRO RATA distribution to all timely filed proofs of claims of not less than 100%.

3.   The Debtor shall make all post-petition payments, including but not limited to mortgage payments, vehicle, payments, real estate taxes and income taxes, outside the plan.

| Secured Creditor & Property Description | Payment Amount | Payment Timing |
|---|---|---|
| Wells Fargo Home Mortgage For property located @ 159 Somer Avenue, Staten Island, New York 10314 | $2,307.36 | Monthly |

**Payments to be made to:**
**Wells Fargo Home Mortgage**
**PO Box 11701**
**Newark, NJ 07101-4701**


**JUNIOR MORTGAGE LIENS TO BE AVOIDED**

    NONE

4.   Pursuant to 11 U.S.C. §502, 506(a), 506(d), 1322(b)(2), 1325 (a) and 1328(t) the debtor filed a motion to avoid a mortgage lien on Debtors' primary residence located at _____, held by _____ on _____ and Motion was Granted on _____.  The debtors are eligible to receive a discharge in this case, and the debtors filed a motion pursuant to Bankruptcy Rule 3012 to value the junior mortgage lien held by Chase which was heard and determined by _____. ("Rule 3012 Order").  In the Rule 3012 Order, the Court  found that the junior mortgage  held by Chase is not secured  by the Property because the amount of the senior mortgage(s) exceed the value of the Property, and the secured claim on the Property held by Chase shall be treated as a general  unsecured  creditor and paid in accordance with the terms of paragraph (c) above.  Upon entry of the Chapter 13 discharge, debtor(s) or debtor's counsel shall be entitled to present the Rule 3012 Order, in recordable form, to the County Clerk's office in order to cancel and discharge the aforementioned mortgage lien.

5. Property to be Surrendered to Secured Creditor:

    NONE

6.   All lease agreements are hereby assumed, unless specifically rejected as follows:

    NONE

7.   During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2(c),  less than one hundred percent (100%), the debtor(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

8.  Title to the debtor(s) property shall revest to the debtor(s) upon completion of the plan or dismissal of the case, unless otherwise provided in the Order confirming the plan.  Throughout the term of this plan, the debtor(s) will not incur post-petition debt over $2,000.00 without written consent of the Chapter 13 Trustee or the Court.


9. Other Provisions:

**Third Party, Dan Mahoney, will contribute $3,262.12 per month towards Chapter 13 plan as per Affidavit of Third Party Contribution.**


Dated:  White Plains, New York
          July 8, 2014


Debtor Signatures:        /s/ Russell F. Ferrisi

Debtor's Attorney:        /s/ Todd S. Cushner, Esq.